NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCA DEL CARMEN
GONZALEZ-CUATRO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 20-72525

Agency No.
A208-538-541

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2025**
Pasadena, California

Before: BOGGS,*** FRIEDLAND, and BRESS, Circuit Judges.

Petitioner Francisca Del Carmen Gonzalez-Cuatro, a native and citizen of El

Salvador, seeks review of the Board of Immigration Appeals ("BIA") order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

denying her motion to reopen her removal proceedings to enable her to apply for asylum based on changed circumstances in El Salvador. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for abuse of discretion the BIA's denial of a motion to reopen. *Ayanian v. Garland*, 64 F.4th 1074, 1080 (9th Cir. 2023). We grant relief only if the BIA's decision was "arbitrary, irrational, or contrary to law." *Ibid.* (quoting *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021)).

Petitioner does not dispute the BIA's holding that her motion was untimely and numerically barred. But she does dispute the BIA's holding that she failed to qualify for an exception to the time and number limitations for motions to reopen.

"Motions to reopen are disfavored due to the 'strong public interest in bringing litigation to a close.'" *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010) (per curiam) (quoting *INS v. Abudu*, 485 U.S. 94, 107 (1988)). But the changed-circumstances exception permits the rare motion to reopen if "'circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim' now does." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)).

Thus, the bar for prevailing on a motion to reopen based on changed country conditions is high: "(1) a petitioner must 'produce evidence that conditions had changed' in the country of removal; (2) 'the evidence [must] be material'; (3) 'the

evidence must not have been available and would not have been discovered or presented at the previous proceeding'; and (4) 'the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.'" *Ayanian*, 64 F.4th at 1080 (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)).

The changed-circumstances exception, eponymously, requires change. Unless any evidence presented now "was not available and could not have been discovered or presented at the previous proceeding," this exception does not apply. 8 C.F.R. § 1003.2(c)(3)(ii). In skipping ahead to argue her prima facie case, Petitioner ignores this basic requirement. Petitioner's brief first discusses the legal standard for this exception. Without explanation, the brief jumps into merits arguments about persecution based on membership in a particular social group and likelihood of torture. Then the brief ends.

The hole in the argument is change. None of the evidence offered for these arguments — that Petitioner and her family opposed and denounced gangs in El Salvador, that gang members committed violence against and threatened to kill Petitioner's family, and that the country-conditions report submitted as evidence shows widespread government and police corruption — reflects changed circumstances or new evidence.

Petitioner's last scheduled hearing was on June 20, 2017. All of this

evidence was available and could have been presented at that hearing. Petitioner's declaration, which was attached to her motion to reopen, shows that all of these gang-related incidents (a) happened prior to her arrival in the United States on September 29, 2015, (b) were discovered by Petitioner while she was in immigration detention, which ended in December of 2015, or (c) were discovered by Petitioner after six months in the United States, which was around March of 2016. All three of these dates are more than a year before Petitioner's last scheduled hearing. And while Petitioner's country-conditions evidence tells the story of gang violence in El Salvador, that story is not one that she claims has worsened since June 20, 2017. Petitioner's failure to show a concrete worsening of country conditions forecloses a finding of change. Thus, the BIA's decision was not contrary to law.

**PETITION DENIED.**